

**Lissa Kaufman**, OSB #970728
kaufmanl@pdx.edu
**Student Legal Services**
PSU Student Legal Services
PO Box 751 – LS
Portland, OR 97207-0751
Telephone: 503.725.4556
Facsimile: 503.725.4555
Attorney for Plaintiff Dominguez-Escutia

**Bret Knewtson**, OSB #03355
bknewtson@yahoo.com
**Bret Knewtson, Esq.**
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124-7328
Telephone: 503.846.1160
Facsimile: 503.922.3181
Attorney for Plaintiff Dominguez-Escutia

FILED'10 OCT 20 10:04USDC-ORP

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| GABRIELA DOMINGUEZ-ESCUTIA, <br> Plaintiff, <br><br> v. <br><br> **JON BARRY & ASSOCIATES,** a North Carolina corporation, d/b/a **PARAGON REVENUE GROUP,** a division of Jon Barry & Associates, **JOHN DOE** a.k.a. **RAIT PAUL,** and **JOHN DOE** a.k.a. **EDGAR JOLLA,** Defendants. | Case No.: **CV'10 - 1297 PK** <br><br> **COMPLAINT** <br> **Unfair Debt Collection Practices;** <br> **Violation of 15 U.S.C. § 1692 (FDCPA)** <br> **DEMAND FOR JURY TRIAL** <br><br> _/s/ Lissa Kaufman_ <br> Lissa Kaufman <br> OSB #970728 <br> TELEPHONE 503.725.4556 <br> Attorney for Plaintiff Dominguez-Escutia |

**PRELIMINARY STATEMENT**

1. This is an action for money damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

2. Plaintiff's claims arise from Defendants' attempts to collect a debt in Oregon through "communications" as defined by 15 U.S.C. § 1692a(2) including, but not limited to, means and instrumentalities of interstate commerce and telecommunications.

**JURISDICTION**

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

4. Venue is proper in this District under 28 U.S.C. § 1391 because the acts and transactions occurred in Multnomah County and Plaintiff resides in Multnomah County.

**PARTIES**

5. Plaintiff, Gabriela Dominguez-Escutia, is a natural person who resides in the city of Portland, Multnomah County in the State of Oregon.

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. Defendant, Jon Barry and Associates, Inc. (hereinafter "Barry and Associates") is a corporation organized under North Carolina law and does business in Oregon. Barry and Associates' principal place of business is located at 216 Le Phillip Court, Concord, NC 28025.

8. Defendant, John Doe a.k.a. Rait Paul (hereinafter "Paul"), is a natural person employed by Barry and Associates as a collector at all times relevant to this Complaint.

9. Defendant, John Doe a.k.a. Edgar Jolla (hereinafter "Jolla"), is a natural person employed by Barry and Associates as a collector at all times relevant to this Complaint.

10. Collectively Barry and Associates, Paul, and Jolla use the instrumentality of interstate commerce and/or the United States Postal Service for the principal purpose of the collection of debts.

11. Collectively Barry and Associates, Paul, and Jolla use the instrumentality of interstate commerce to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to others.

12. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

13. On or about February 3, 2010, Plaintiff received a phone call at Plaintiff's home from Paul. Plaintiff's caller identification system indicated the phone number Paul called from was 800-868-1899. Paul requested to speak with Plaintiff and asked Plaintiff to verify her date of birth. After Plaintiff verified her date of birth, Paul stated that he was calling from a debt collection agency, Barry and Associates, and demanded payment for an alleged debt stemming from Parkland Health and Hospital System in Dallas, Texas (hereinafter "Parkland"). Plaintiff stated she had never received medical treatment in Texas and requested verification of the debt. Paul replied that Plaintiff needed to contact Parkland for verification and continued to demand payment. Plaintiff later discovered that the account numbers associated with this alleged debt were: 9997732 and 1003554 (hereinafter "the debt").

14. On or about February 3, 2010 Plaintiff called Barry and Associates at the phone number indicated on Plaintiff's caller identification system, 800-868-1899, and spoke with Jolla who, to the best of Plaintiff's recollection, stated "Is this Gabriela [Plaintiff]? Are you calling to pay us?" Plaintiff asked Jolla give Plaintiff the mailing address and phone number of Barry

and Associates. Jolla refused to release this information to Plaintiff and terminated the conversation by hanging up the phone abruptly, without saying "goodbye."

15. At no time did Defendants provide to Plaintiff a written notice of Plaintiff's right to request validation of the debt or to dispute the debt after the initial contact stated in paragraphs 13 and 14. Defendants continued to collect on the debt after failing to provide written or oral notice of her right to dispute the debt by calling Plaintiff on her home telephone.

16. On or about March 11, 2010 counsel for Plaintiff faxed to Barry and Associates a letter disputing the debt, requesting that Barry and Associates provide verification of the disputed debt, and demanding that Barry and Associates cease all collection efforts until such verification was provided pursuant the FDCPA, 15 U.S.C. § 1692g(b). This letter also indicated that the Plaintiff was represented by counsel and included a representation agreement.

17. Barry and Associates reported to at least one consumer reporting agency, Equifax, that Plaintiff owed this debt, but failed to report that Plaintiff disputed this debt, pursuant to the FDCPA, 15 U.S.C. § 1692e(8).

18. On or about March 12, 2010 counsel received a HIPAA release form via facsimile from Barry and Associates.

19. On or about May 21, 2010 counsel called Barry and Associates to confirm their fax number. Counsel was informed that Barry and Associate's name had changed to "Paragon," and that Paragon was collecting debt for Barry and Associates. Paragon is a division of its corporate parent, Barry and Associates. Sometime between March 11, 2010 and May 21, 2010 Paragon began collecting debt for Barry and Associates.

20. After Paragon and Barry and Associates were made aware that Plaintiff was represented by counsel and that counsel had requested in writing that all contact with Plaintiff cease as

stated in paragraph 16, Plaintiff received approximately twelve phone calls on Plaintiff's home telephone from Barry and Associates and/or Paragon.

21. On or about May 21, 2010, counsel for Plaintiff mailed and faxed a second letter to Paragon indicating that a debt verification letter was faxed to Barry and Associates on March 11, 2010, that counsel for Plaintiff had not received documents verifying this debt from Barry and Associates, that Plaintiff disputed this debt, that Paragon provide verification of the disputed debt, and that Paragon cease all collection efforts until such verification was provided pursuant to the FDCPA, 15 U.S.C. § 1692g(b). This letter again indicated that Plaintiff was represented by counsel.

22. After, for a second time, being made aware that Plaintiff was represented by counsel and that Plaintiff had requested in writing that all contact with Plaintiff cease, Plaintiff received at least one phone call on Plaintiff's home telephone from Paragon.

23. Plaintiff knows the phone calls stated in paragraphs 13, 14, 15, 20, and 22 were from Barry and Associates and/or Paragon through use of Plaintiff's caller identification system and originated from at least two numbers: 800-868-1899 and 800-230-5892.

24. Plaintiff has never sought nor received services from Parkland. Plaintiff indicated these facts to Defendants during the telephone conversation stated in paragraph 13.

25. As a result of the acts alleged above, Plaintiff suffered from anxiety, sadness, and sleeplessness.

26. As a result of the acts alleged above, Plaintiff's credit rating was negatively affected.

27. When Plaintiff's car was stolen she attempted to purchase another car; however, she could not procure a loan at a reasonable interest rate. Plaintiff had to rely on public transportation, which made daily tasks inconvenient, burdensome, and more expensive.

28. Eventually, plaintiff was allowed to purchase a car while the car dealership searched for a loan with a reasonable rate, but Plaintiff had to pay a large down payment – approximately $8,000.

29. Once the car dealership found a loan with a reasonable rate, Plaintiff could not independently obtain the loan without her husband as co-signor.

30. As a result of not being able to obtain credit on her own, Plaintiff had a diminished feeling of self-worth.

**FIRST CLAIM FOR RELIEF**

31. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

32. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a) The Defendants violated 15 U.S.C. § 1692c(a)(2) by contacting Plaintiff after Defendants' knew that Plaintiff retained counsel with respect to the alleged debt.

    b) The Defendants violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff after notifying Defendant in writing that Plaintiff wanted Defendant to cease further communication regarding the alleged debt.

    c) The Defendants violated 15 U.S.C. § 1692g(a) by failing to send a written notice regarding the alleged debt within five days after the initial communication from Plaintiff or her counsel.

    d) The Defendants violated 15 U.S.C. § 1692g(b) by failing to provide verification of the alleged debt after the Plaintiff disputed the debt in writing.

    e) The Defendants violated 15 U.S.C. § 1692g(b) by continuing their debt collection efforts even though Defendants failed to provide verification of the alleged debt to Plaintiff.

f) The Defendants violated 15 U.S.C. § 1692e(8) by failing to report to the credit reporting agencies that this alleged debt was disputed.

g) The Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose to Plaintiff that the Defendants were debt collectors and information communicated to Defendants would be used for the purposes of collecting a debt.

h) As a result of each and every Defendants' violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

i) Actual damages to be determined pursuant to 15 U.S.C. § 1692k(a)(1).

j) Plaintiff is entitled to reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

**WHEREFORE,** Plaintiff prays judgment be entered against each and every Defendant for:

a) An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant Jon Barry and Associates, Inc.;

b) An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant John Doe a.k.a. Rait Paul;

c) An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant John Doe a.k.a. Edgar Jolla;

d) An award of actual damages to be determined pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

e) An award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

Dated this 18th day of Oct, 2010

Lissa Kaufman, OSB #970728